TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00371-CR






Arthur Harris, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 40,174, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing a switchblade knife. Tex. Penal Code
Ann. § 46.05(a)(5), (e) (West 1994). (1) The jury assessed punishment at incarceration for 180 days
and a $1000 fine.

 Before appellant was tried for this offense, a different jury was impaneled to
determine his competence to stand trial. In his only point of error, appellant contends the jury's
finding that he was competent to stand trial was against the great weight and preponderance of the
evidence. See Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990) (standard of
review). 

 A person is incompetent to stand trial if he does not have sufficient present ability
to consult with his lawyer with a reasonable degree of rational understanding, or if he does not
have a rational as well as factual understanding of the proceedings against him. Tex. Code Crim.
Proc. Ann. art. 46.02, § 1(a) (West 1979). A defendant is presumed competent to stand trial and
bears the burden of proving his incompetence by a preponderance of the evidence. Id., § 1(b). 

 Appellant was examined after his arrest by Dr. Charles Von Henner, who the
record suggests is a psychiatrist. Von Henner did not testify at the hearing, but a portion of his
written report was read into evidence without objection. The report stated:


Arthur Harris, turbulent 20 years of problems . . . . The patient is a high school
graduate. Patient to go up to judge with my note, his family feud should be settled
one way or the other. He drinks and smokes pot all the time and does odd jobs,
patient states. He has some hallucinations, still in good physical shape. Diagnosis
one, not certifiable for mental hospital at this time, may be in near future if
progressive.



 After appellant gave notice of his intention to raise an insanity defense, a
psychologist, Dr. Joan Mathews, was appointed to examine him. Mathews testified that appellant
showed evidence of a "bizarre delusional system," including the beliefs that he is a federal judge,
that his sister assumes the identities of several different persons, and that he owns a house in San
Marcos that Mathews was told does not belong to him. (2) On the other hand, Mathews testified that
appellant is an intelligent, articulate person and that

on certain levels Mr. Harris copes with reality very well. If we were to ask him
factual questions probably at any time his intelligence would come forward and he
would be able to answer in a coherent and articulate fashion. But underneath that
probably at all times would still be the presence of this delusional system.



Mathews diagnosed appellant as a paranoid schizophrenic. Mathews was of the opinion that
appellant did not have a sufficient present ability to consult with his attorney or a rational and
factual understanding of the proceedings against him.

 The verdict of the jury must be given great deference and will be set aside for
factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Meraz, 785 S.W.2d at 155. It was for the jury, as trier of fact, to
determine the weight and credibility of the testimony. Von Henner's report, while brief,
nevertheless supports the inference that appellant was competent to stand trial. On the other hand,
Mathews's description of appellant's delusional system and her diagnosis of paranoid
schizophrenia does not compel the conclusion that appellant was unable to understand the
proceedings against him or to consult with his lawyer with a reasonable degree of rational
understanding. While there is certainly evidence that would support a finding of incompetence,
we conclude that the jury's finding that appellant was competent to stand trial was not so contrary
to the great weight and preponderance of the evidence as to be clearly wrong and unjust. 
Accordingly, we overrule the point of error.


 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: April 26, 1995

Do Not Publish

1. At the time of the offense, appellant's conduct was proscribed by section 46.06 of the Penal
Code. Effective September 1, 1994, section 46.06 was renumbered and amended in a manner that
is not relevant to this cause.
2. At the time Mathews was appointed, appellant was also charged with trespassing at the
habitation of Shirley Harris in San Marcos. We infer that Shirley Harris is appellant's sister.